UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STARDUST RECREATION ASSOCIATION, d/b/a STARDUST POOL, | Civil Action No. 22-4746 (JXN) (SDA) |
| Plaintiff, | |
| v. | OPINION |
| USA MANAGEMENT LLC, *et al.*, | |
| Defendants. | |

**NEALS**, District Judge

This matter comes before the Court on Defendant USA Management LLC's ("USA Management") motion to vacate the Court's April 24, 2023 Order (ECF No. 9) and May 22, 2023 Order (ECF No. 11) (together, "Default Judgment") pursuant to Fed. R. Civ. P. 55(c) and 60(b). (ECF No. 17). Plaintiff Stardust Recreation Association, *d/b/a* Stardust Pool ("Plaintiff") opposed (ECF No. 18), and USA Management replied. (ECF No. 21). The Court has carefully considered the parties' submissions and decides this matter without oral argument under Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, USA Management's motion to vacate (ECF No. 17) is **GRANTED**.

The Court's April 26, 2023, and May 22, 2023 Orders entering Default Judgment (ECF Nos. 9, 11) are **VACATED** only as to USA Management. The Clerk of Court shall vacate the October 14, 2022 entry of judgment only as to USA Management. Plaintiff shall serve the Complaint and Summons upon USA Management within sixty days of the accompanying Order. And USA Management shall Answer or otherwise respond to the Summons and Complaint in accordance with the Federal Rules of Civil Procedure and Local Civil Rules.

1

I.       **BACKGROUND AND PROCEDURAL HISTORY**

On October 19, 2021, USA Management and Defendant USA Management of New Jersey LLC ("New Jersey Management") (together, "Defendants") and Plaintiff purportedly "entered into three separate agreements" that required Defendants to "provid[e] maintenance and management services to [Plaintiff] through the 2022 swim season." (ECF No. 1 (the "Complaint") ¶¶ 18-20). Plaintiff alleges Defendants damaged Plaintiff when they breached these agreements. (*Id.* ¶ 51).

On July 26, 2022, Plaintiff filed the Complaint against Defendants. Defendants did not Answer or otherwise respond to the Complaint. On October 13, 2022, Plaintiff sought entry of default. (ECF No. 6). On October 14, 2022, the Clerk of Court entered default against Defendants.

On November 10, 2022, Plaintiff filed a motion for default judgment against Defendants. (ECF No. 7). On April 26, 2023, the Court granted the motion but directed Plaintiff to "provide proof of the delinquent recuring fees . . . in the amount of $81,697.89. . . ." (ECF No. 9 at 3[1]). On May 19, 2023, Plaintiff submitted the requested proofs. (ECF No. 10). On May 22, 2023, the Court entered judgment in the amount of $83,193.63 against Defendants. (ECF No. 11 at 1-2).

On May 17, 2024, USA Management filed an order to show cause to vacate default judgment (ECF No. 14), which Plaintiff opposed. (ECF No. 15). On May 21, 2024, the Court denied the order to show cause in finding "emergent relief is not warranted" and that this "matter may be considered by motion practice in the normal course." (ECF No. 16).

On June 11, 2024, USA Management filed the motion to vacate default judgment. (ECF No. 17). On June 30, 2024, Plaintiff opposed the motion. (ECF No 18). On July 15, 2024, USA Management replied. (ECF No. 21). This matter is now ripe for consideration.

---

[1] The Court refers to the ECF page numbers in this Opinion.

## II.   LEGAL STANDARD

A district court "may set aside a final default judgment under Rule 60(b)[,]" which provides the grounds for vacating default judgment. Fed. R. Civ. P. 55(b). Under Fed. R. Civ. P. 60(b)(1) and (6), a "court may relieve a party from a final judgment" due to a "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." In deciding a motion to vacate, the court must "consider (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 459 (3d Cir. 2011) (internal quotation marks, brackets, and citations omitted).

## III.   DISCUSSION

Initially, the Court disagrees that the motion should be granted because the Complaint fails to allege diversity jurisdiction under 28 U.S.C. § 1332(a). (ECF No. 17-1 at 5). Lack of diversity jurisdiction does not "constitute[] a meritorious defense" to vacate default judgment. *Barbot v. Clowney*, No. 18-11947, 2019 WL 3754443, at *3 (D.N.J. Aug. 8, 2019). Accordingly, whether Plaintiff fails to "meet the jurisdictional threshold" (*see* ECF No. 17-1 at 5), is not presently before this Court. Thus, the motion is denied on this basis.

### A.   The Motion to Vacate Default Judgment is Timely

Plaintiff argues USA Management's motion to vacate should be denied as time-barred. (ECF No. 18 at 10-13). The Court disagrees.

A motion to set aside default judgment "must be made within a reasonable time. . . ." Fed. R. Civ. P. 60(c)(1). But if based on a "mistake, inadvertence, surprise, or excusable neglect;" it must be made "no more than a year after the entry of judgment. . . ." (*Ibid.*).

3

At the start, the Court cautions that "professional deadlines[,]" "personal travel commitments," counsel's "need[] to consult with the client on refiling" the motion to vacate, and "engag[ing] in settlement discussions with Plaintiff" are insufficient for purposes of timeliness. (ECF No. 21 at 5 n.2). Further, counsel having "no way of knowing that the Court would find that emergency relief was unnecessary" is likewise unpersuasive. Nonetheless, the Court deems the motion to vacate timely under Fed. R. Civ. P. 60.

Plaintiff posits that USA Management may only move to vacate under an "excusable neglect" theory. (ECF No. 18 at 10-11). The Court disagrees. USA Management represents that it first learned of this action in February 2024, when "$77,922.29 had been levied from its bank account. . . ." (ECF No. 17-1 at 9). This may be sufficient to trigger a vacatur under a "surprise" theory. Nonetheless, the motion is timely.

Fed. R. Civ. P. 60(c)(1) required that the present motion be filed by May 22, 2024—one year after the Court entered Default Judgment. On May 17, 2024, USA Management moved to vacate by order to show cause (*see* ECF No. 14), which the Court denied on May 21, 2024. (ECF No. 16). Because the Court found emergent relief inappropriate, USA Management filed the motion to vacate on June 11, 2024. Though filed twenty days later, Plaintiff proffers no authority to conclude that the "Court's denial of the [] emergency motion did not stop the clock or only tolled USA Management's time by four days." (ECF No. 21 at 5 (citing ECF No. 18 at 13 n.1)). Thus, the motion is not time-barred.

Additionally, even if the order to show cause did not toll the one-year deadline, there is no similar deadline under Fed. R. Civ. P. 60(b)(6)'s catch-all provision. Under Fed. R. Civ. P. 60(b)(6), the motion need only be filed "within a reasonable time[,]" (*see id.* at 60(c)(1)), which is applicable here. Accordingly, the Court finds that USA Management's order to show cause was timely filed.

4

Further, the Court's Order (ECF No. 16) did not limit the time by which USA Management could move to vacate.  Moreover, the Court finds that "absent [such] relief," an "unexpected hardship will result" (*see Mitchell v. Fuentes*, 761 F. App'x 109, 111 (3d Cir. 2019) (internal quotation marks and citation omitted)).  Indeed, this is the "limited circumstance[]" required by Fed. R. Civ. P. 60(b)(6).  *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008) (internal quotation marks and citations omitted).[2]  Accordingly, the motion is timely, and the Court proceeds to the parties' substantive arguments.

### B. Plaintiff Will Not be Prejudiced if Default Judgment is Vacated

#### 1. Service of Process Was Deficient

USA Management argues Default Judgment should be vacated for insufficient service of process.  (ECF No. 17-1 at 4).  The Court agrees.

A district court "obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant." *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991).  To that end, personal jurisdiction over a defendant is obtained "when the plaintiff serves the defendant with the complaint in a manner specified by Rule 4 of the Federal Rules of Civil Procedure." *Id.* at 701 (citation omitted).

Fed. R. Civ. P. 4(h) "governs the procedure for serving a corporation" (*see Shokr v. Rinkandfield.com*, No. 8-4735, 2010 WL 703198, at *4 (D.N.J. Feb. 22, 2010)), which requires service to be made pursuant to Rule 4(e)(1); "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized[;]" or by "mailing a copy of each to the defendant" if required to do so by statute.  Fed. R. Civ. P. 4(h)(1)(A)-

---

[2] The Court may also *sua sponte* modify its Order (ECF No. 16) to "correct a clerical mistake or a mistake arising from oversight or omission. . . ."  Fed. R. Civ. P. 60(a); *see also Hardwick v. United States*, No. 12-7158, 2022 WL 4818890, *1 (D.N.J. Oct. 3, 2022) (The Rule "permits district courts to correct their own mistakes or provide relief from their own judgments, orders or proceedings.") (citation omitted).

5

(B). Fed. R. Civ. P. 4(e)(1) provides that effective service of process is accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . . ." In New Jersey, a plaintiff may serve a defendant by "mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to" the corporation "that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its registered office." N.J. Ct. R. 4:4-4(b)(1)(C).

Here, Plaintiff claims "multiple methods of service were utilized" to effectuate service on USA Management. (ECF No. 18 at 7). Specifically, "service by mail was effective at the addresses confirmed to be the proper addresses, and the papers were also sent via email to the same email address that" USA Management had used "when dealing with business matters with Plaintiff." (ECF No. 18 at 12). In sum, Plaintiff did not affect proper service of process on USA Management.

First, service by email is not valid under the Federal Rules of Civil Procedure or New Jersey Court Rules. Second, Plaintiff failed to serve USA Management in New York and/or Nevada. *Compare* (ECF No. 4-1 at 3-4); *with* (ECF No. 17-1 at 5). Indeed, USA Management asserts service was defective because despite Plaintiff being "aware" of its Nevada address and USA Management's website "list[ing] an address" in New York, Plaintiff did not attempt service at either address. (ECF No. 17-1 at 5). Plaintiff concedes that it attempted service in New Jersey and Georgia only. *See, gen.* (ECF No. 4-1). Thus, Plaintiff failed to show sufficient due diligence in identifying suitable addresses for USA Management, which were publicly available. Third, and finally, USA Management claims that the UPS Store in Cumming, Georgia, where Plaintiff attempted service, "is not authorized to accept service. . . ." (ECF No. 17-1 at 5) To which, Plaintiff provides no response. Thus, this factor weighs in favor of vacating Default Judgment.

### 2. Litigation Costs are Insufficient to Demonstrate Prejudice

Plaintiff argues it will be "significantly prejudice[d]" if the Court vacates Default Judgment because Plaintiff expended time and monies "engaging in post-judgment discovery in order to locate" USA Management's assets. (ECF No. 18 at 5). The Court disagrees.

Prejudice "only accrues due to a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Landron v. Pina*, No. 23-23231, 2024 WL 1585119, at *2 n.5 (D.N.J. Apr. 11, 2024) (internal quotation marks and citation omitted). Here, Plaintiff points to no facts suggesting that vacating Default Judgment will result in any of the foregoing or, alternatively, impede Plaintiff's ability to pursue its claims. Instead, Plaintiff directs the Court to normal litigation costs. This, however, is insufficient. *See Emcasco Insurance Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("[D]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening of a default judgment entered. . . .") (quoting *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656-57 (3d Cir. 1982)) (internal quotation marks omitted); *see also Sourcecorp Inc.*, 412 F. App'x at 460 (Third Circuit has "previously held that the costs associated with continued litigation normally cannot constitute prejudice.") (citations omitted). Indeed, courts consider the "prejudice that would result from opening the judgment," and not the financial costs associated with enforcing a judgment later vacated." *Feliciano*, 691 F.2d at 656.

Further, though USA Management fails to offer a response or rebuttal (*see, gen.* ECF No. 21), Plaintiff's reliance on *Super Laundry Equip. Corp. v. Chan*, No. 13-7381, 2015 WL 3953887 (D.N.J. June 29, 2015) (*see* ECF No. 18 at 14), is misplaced because that case is factually distinguishable. In *Super Laundry Equip. Corp.*, the defendant entered an agreement "with an admitted intent to deceive [plaintiff] by withholding payment" for fifty washing machines. *Id.* at

7

*1. The court found plaintiff would be prejudiced if default judgment were vacated because the fifty washing machines were lost, "their accompanying $239,708.00 price tag, embody a substantial amount of merchandise for [plaintiff]," and plaintiff "relied on the Court's entry of default judgment against [defendant] to attempt to locate and secure that merchandise." *Id.* at *3. Further, unlike here, the defendant was "arrested and charged criminally" for his actions. *Id.* at *1. Accordingly, this factor weighs in favor of vacating Default Judgment.

### C. USA Management has a Meritorious Defense to the Complaint

"The showing of a meritorious defense is accomplished when allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (internal quotation marks and citations omitted). Here, USA Management has proffered a meritorious defense to the Complaint. Plaintiff's claims rely on USA Management's alleged breach of their pool maintenance and management agreements. (*See, gen.* Compl.). USA Management claims that Plaintiff, and not USA Management, breached these purported contracts by "individually hir[ing] all of the staff that USA Management had hired[,] . . . and subsequently unilaterally terminated the Agreements." (ECF No. 17-1 at 8). If true, USA Management has a complete defense to this action. Accordingly, this factor weighs in favor of vacating Default Judgment.

### D. Default Was Not the Result of USA Management's Culpable Conduct

"Culpable" conduct means "actions taken willfully or in bad faith." *Stereo Component Systems, Inc.*, 700 F.2d 120, 124 (3d Cir. 1983) (citation omitted). Here, USA Management argues that its failure to timely respond was not the result of "any bad faith or willfully ignorant conduct. . . ." (ECF No. 17-1 at 9). While USA Management failed to Answer the Complaint, USA Management contends it "first learned of the lawsuit on February 20, 2024[,]" (*see* ECF No. 21 at

8

10), which was after the Court entered Default Judgment. Moreover, "Plaintiff did not effectuate service on USA Management at its Las Vegas, Nevada or Astoria, New York addresses" and in failing to do so, "service was improper." (*Ibid.*). Therefore, USA Management's actions do not rise to the level of culpable conduct and, accordingly, this factor weighs in favor of vacating Default Judgment.[3]

## IV. CONCLUSION

For the reasons set forth above, USA Management's motion to vacate (ECF No. 17) is **GRANTED**. An appropriate Order accompanies this Opinion.

|  |  |
|---|---|
| DATED: September 4, 2024 | s/ Julien Xavier Neals<br>**JULIEN XAVIER NEALS**<br>United States District Judge |

---

[3] USA Management further asserts that the Default Judgment should be vacated based on improper venue. (ECF No. 21 at 10-11). Because USA Management did not submit a motion to dismiss or, alternatively, to transfer this action on this basis, the Court makes no findings as to this ground for relief.